**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| DONALD P. SANTINO, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:06-CV-75-PRC |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of | ) | |
| the Social Security Administration, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Petition for Attorney Fee Pursuant to § 206(b)(1) [DE 33], filed by Attorney Frederick J. Daley, Jr., one of the attorneys for Plaintiff Donald P. Santino, on February 13, 2009. Attorney Daley seeks an award of attorney's fees in relation to Plaintiff's application for disability benefits. For the following reasons, the Court grants the Petition for Attorney Fees.

**PROCEDURAL BACKGROUND**

On August 23, 2000, Plaintiff applied for Disability Insurance Benefits ("DIB"), alleging disability since July 1, 1998. Plaintiff's claim for benefits was denied both initially on November 28, 2000, and upon reconsideration on April 25, 2001. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and, following a hearing, the ALJ denied Plaintiff's application on April 18, 2002, finding Plaintiff not disabled. On Plaintiff's Request for Review of the Hearing Decision, the Appeals Council remanded the case back to the ALJ for further proceedings on December 5, 2003. Following a second hearing, the ALJ issued a decision denying Plaintiff's claim for disability benefits on June 24, 2005. Subsequently, the Appeals Council denied Plaintiff's

1

request for review of the second decision on November 30, 2005, and, as a result, the ALJ's decision of June 24, 2005, became the final decision of the Commissioner.

On March 1, 2006, the Plaintiff filed his Complaint in this Court. On March 29, 2007, the Court issued an Order, finding that the ALJ had a duty to recontact Plaintiff's treating physician Dr. Chube; that the ALJ committed harmful error by performing an erroneous RFC by failing to adequately articulate his reasons for rejecting treating physician Dr. Ruiz's opinion and failing to address Plaintiff's asserted need for rest breaks; and that the ALJ erred when he failed to incorporate all of Plaintiff's impairments into the hypotheticals posed to the VE, and remanded this case for further proceedings.

Plaintiff subsequently prevailed on remand when the ALJ issued a favorable decision on May 30, 2008, awarding benefits back to March 31, 2004. The Commissioner's Office of Central Operations calculated the benefits and awarded Plaintiff $63,421.00 in total past due benefits.

On February 13, 2009, Plaintiff's counsel filed a Petition for Attorney Fees Pursuant to § 206(b)(1) in this case. On March 3, 2009, the Commissioner filed a Response, and on March 12, 2009, Attorney Daley filed a Reply. The Court has jurisdiction over this fee petition pursuant to 42 U.S.C. § 406(b) as the Court reversed and remanded this matter for further proceedings on March 29, 2007.

**ANALYSIS**

In his Petition, Plaintiff's counsel seeks an award of attorney's fees pursuant to section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1) ("§ 406(b)"). Plaintiff's counsel requests that the Court award attorney's fees in the amount of $15,855.25, which represents twenty-five percent of the ALJ's May 30, 2008 favorable award for past due benefits to Plaintiff. Plaintiff's

counsel contends that, given the contractual intent of the parties evidenced in their fee agreement, the risk that counsel assumed in accepting this case, and the favorable results obtained on behalf of the Plaintiff, the requested fee is reasonable. The Commissioner opposes the requested award of fees and argues that the amount requested is unreasonable and would represent a windfall in this case.

Fees generated representing Social Security benefits claimants are governed by the Social Security Amendments of 1965. *See* 42 U.S.C. § 406. Section 406(a) deals with fees for representation in administrative proceedings, whereas § 406(b) governs fees for representation in court. *See id.*; 20 C.F.R. § 404.1728. The Social Security Act provides for an award of attorney's fees for "a judgment favorable to the plaintiff." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002). Further, the statute provides that a reasonable fee will not exceed twenty-five percent of the past due benefits. *See* 28 U.S.C. § 406(b). Likewise, fees can only be obtained from past due benefits; attorneys cannot gain additional fees simply because a claimant is entitled to continuing benefits. *See id.* Because the statute sets out the exclusive method for obtaining fees for successful representation, demanding or collecting anything more than the authorized allocation of past due benefits is a criminal offense. *See Gisbrecht*, 535 U.S. at 795; 20 C.F.R. §§ 404.1740-1799.

An award of attorney fees under § 406(b) is offset or reduced by the fees already paid to the attorney under the EAJA. *See Gisbrecht*, 535 U.S. at 796; *see* 28 U.S.C. § 2412. Under the EAJA, a prevailing party may be awarded fees if the government's position was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(A); *Gisbrecht*, 535 U.S. at 796. EAJA fees are determined by the time spent on the case and a reasonable hourly rate capped at $125.00 per hour. *See Gisbrecht*, 535 U.S. at 796; 28 U.S.C. §§ 2412(d)(1)(B), 2412(d)(2)(A). Fee awards may be granted under both EAJA

and § 406(b), but the claimant's attorney must refund the amount of the smaller fee to the claimant. *See Gisbrecht*, 535 U.S. at 796.

In this matter, Plaintiff is a prevailing party because the Court remanded the Commissioner's decision, and, on remand, the Plaintiff prevailed and was awarded past due benefits. The Commissioner does not object to the awarding of fees in this case. Rather, he argues that the $15,855.25 in fees sought is unreasonable and excessive and would amount to a windfall because Plaintiff's counsel is seeking to recover attorney's fees for 17.85 hours of attorney work and 70 hours of paralegal/law clerk work. This request amounts to approximately $180.48 per hour for the 87.85 total hours worked by counsel and his staff. The Commissioner does not suggest an alternate reasonable amount of attorney's fees. However, as the prevailing party, Plaintiff, through his attorney, has the burden of proving that the fees sought are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

As interpreted by the Supreme Court in *Gisbrecht*, the language of § 406(b) provides for a reasonable fee that does not exceed twenty-five percent of the past due benefits. *See* 535 U.S. at 800, 807. The *Gisbrecht* court held that contingent fee agreements shall be used as the primary means to calculate attorney's fees. *See id*. The Supreme Court recognized that contingent fee contracts are the most common payment arrangement between Social Security claimants and their counsel. *Id*. at 803. In *Hensley*, the court stated that attorneys should recover a "fully compensatory fee" when the client receives "excellent results." 461 U.S. at 435.

In considering the legislative history of the Social Security Act, the court in *Gisbrecht* noted that, although Congress intended to protect claimants from "inordinately large fees," nothing demonstrates a congressional intent to discourage attorneys and claimants from contingency

4

agreements. 535 U.S. at 790-91 (stating that Congress likely meant to contain, not prevent, contingency agreements). Further, "[a]ttorneys who take cases on contingency, thus deferring payment of their fees until the case has ended and . . . risk[ing] that they will receive no payment at all, generally receive far more in winning cases than they would if they charged an hourly rate." *Hensley*, 461 U.S. at 448-49 (Brennan, J., concurring in part and dissenting in part).

The Seventh Circuit has also addressed the question, although it did so prior to the Supreme Court's decision in *Gisbrecht*, and held that courts should defer to the parties' reasonable intentions in analyzing attorney fees. *See McGuire v. Sullivan*, 873 F.2d 974, 980 (7th Cir. 1989). Where there is a contingent fee contract between the claimant and the attorney, the proper starting point in considering the reasonableness of a fee is the contract; "[s]imply determining a reasonable hourly rate is inappropriate when an attorney is working pursuant to a reasonable contingency contract." *Id*. at 980; *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1082 (E.D. Wis. 2007) (finding that "the Commissioner's focus on a projected hourly rate is misplaced").

Although not controlling, the *Blankenship* factor approach helps determine whether a contingency fee is reasonable. *Blankenship v. Schweiker*, 676 F.2d 116, 117-18 (4th Cir. 1982); *see also McGuire*, 873 F.2d at 983. The factors include: (1) time and labor required; (2) skill required; (3) contingency of fee; (4) amount involved and results obtained; (5) experience, reputation, and ability of the attorney; and (6) awards in similar cases. *See Blankenship*, 676 F.2d at 117-18. In *Gisbrecht*, the court noted that a contingent fee may be reduced if the quality of work is substandard, if the attorney causes a delay in the litigation, or if fees are too large when compared to time counsel spent on the case. *See* 535 U.S. at 806. Additionally, deference to the contract may be overcome

if an attorney accepts an easy case pursuant to a full twenty-five percent contingency contract. *See McGuire*, 873 F.2d at 981.

The contract in this case is a standard contingency agreement signed by both Plaintiff and his attorney, and it uses the exact language of § 406(b) to provide for the statutory maximum attorney fee of twenty-five percent of past due benefits upon a successful result. In the event of an unsuccessful result, Plaintiff would not have owed his attorney a fee. However, the attorney obtained excellent results and recovered substantial past due benefits for Plaintiff, achieving the result sought by Plaintiff in his Complaint. Although the hours worked compared to the total fee requested may seem disproportionate at first glance, they reflect the time-value of money and the attorney's risk that he could have received no payment for his services. The contingent fee arrangement also accounts not only for the attorney's personal compensation but also for the overhead and salaries of paralegals and law clerks who work on both the winning and losing cases.

In this case, counsel represented Plaintiff before this Court and presented multiple, separate issues to the Court for review, seeking a remand of this case to the SSA. To be successful, counsel had to obtain a remand, convince the SSA to award benefits, and convince the SSA of the onset date for the benefits to achieve Plaintiff's recovery. Plaintiff's attorney successfully completed each of these tasks. Plaintiff's attorney is experienced in Social Security litigation, as demonstrated by his representation of Plaintiff throughout this matter. His experience, no doubt, aids in his evaluation of the record and his evaluation of the ALJ's findings to determine issues proper for appeal. The attorney's experience in Social Security litigation served Plaintiff well, and counsel should be compensated accordingly.

In addition to the $63,421.00 in past due benefits that Plaintiff was awarded back to March 31, 2004, Plaintiff will also receive significant future benefits as a result of counsel's work in the form of long-term disability. Although these continuing and future benefits do not factor into the basis for calculating the amount of the § 406(b)(1) attorney's fees, they nevertheless demonstrate the value of counsel's work to Plaintiff. Finally, because counsel was awarded fees under the EAJA, the fee of $15,855.25 will be offset by the amount of the EAJA award of $5,500.00. *See Koester*, 482 F. Supp. 2d at 1082 (relying on the fact that the plaintiff's counsel also received EAJA fees, which mitigated the amount of § 406(b) fees paid by the plaintiff, as one factor supporting the court's decision to award the maximum amount of fees allowed under § 406(b)).

Although the Commissioner argues that the fee is unreasonable because of the number of hours worked on this matter by a law clerk/paralegal (70 hours) when compared to the number of hours of attorney work (17.85 hours), he makes no argument that counsel's representation of Plaintiff was substandard or less than successful. Counsel for Plaintiff responds by arguing that the Commissioner points to no specific entries that are unreasonable or excessive, but simply questions the time spent by the paralegal in drafting a twenty-five page opening brief and a fifteen page reply brief. The Commissioner fails to reference law or provide further explanation in support of this argument.

Simply because the Commissioner feels that the number of hours the law clerk spent working on this matter was excessive does not demonstrate to the Court that the fee is excessive. Its seems only prudent and cost effective to use law clerks and paralegals, especially given their reduced hourly rate, in handling cases that require substantial legal research and writing. Furthermore, had Plaintiff's counsel lost on remand, the law clerk would still have to be paid. As stated above, when

7

calculating the hourly rate based upon the legal team's work as a whole, the hourly rate amounts to $180.48. In *Szanyi v. Astrue*, No. 2:04-CV-412-PRC (N.D. Ind. Nov. 14, 2007), this Court awarded Mr. Daley's firm § 406(b) attorney's fees in excess of the equivalent of $1,000.00 per hour. Even if this Court were to take the requested fee award of $15,855.25 in this case and divide it only by the 17.85 hours of attorney work (rather than the entire 87.85 hours), the equivalent rate would be approximately $888.00 per hour, which is still less than the hourly equivalent of the § 406(b) award in *Szanyi*.

Section 406(b) provides, "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation . . . ." 42 U.S.C. § 406(b)(1). Courts within this circuit have interpreted this provision to limit a plaintiff's counsel to recovering fees for hours worked "on the case." *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (citing *Gisbrecht*, 535 U.S. at 808). In accordance with *Gisbrecht*, this Court will not award § 406(b) fees based on a lodestar or hourly rate calculation, and the number of hours worked by Plaintiff's counsel is only one factor influencing the Court's final § 406(b) decision. The Court finds that the contractual contingency arrangement, providing for an attorney's fee of twenty-five percent of the benefits awarded to Plaintiff, is reasonable compensation for the attorney's representation in this case and is not a windfall.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the Petition for Attorney Fee Pursuant to §206(b)(1) [DE 33] and **AWARDS** Plaintiff's attorney a total of $15,855.25 in attorney's fees pursuant to § 406(b)(1). The Court **ORDERS** that payment by the Commissioner in the amount of

8

$15,855.25 be paid directly to Attorney Frederick J. Daley, Jr. of the law firm of Daley, Debofsky & Bryant in accordance with the agreement signed by Plaintiff. The Court further **ORDERS** Attorney Daley to **PAY** Plaintiff $5,500.00, which represents the amount of the EAJA award already paid to Attorney Daley and now credited to Plaintiff.

SO ORDERED this 20th day of April, 2009.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc:   All counsel of record